UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

CASE NO._____

GAGE CARD,

      Plaintiff,

vs.

WHISK CRÊPES CAFÉ,
a Texas corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiff, GAGE CARD, by and through undersigned counsel, sues the Defendants, WHISK CRÊPES CAFÉ, (hereinafter, "Company"), and alleges as follows:

1. Plaintiff, a former employee of the Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6.   At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

7.   That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

8.   Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

9.   However, whether 'employers' or not under the FLSA, Defendant is still subject to the anti-retaliation provision of the FLSA.  See Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or her employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

10.   The Plaintiff was hired as a non-exempt employee by the Defendants.

11.   During his employment, the Defendants however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

12.   Specifically, Plaintiff worked as many as 50-60 hours per week, but would not be paid at time and a half pursuant to federal law.

13.   On February 18, 2022, Plaintiff complained about this failure to properly pay him his regular pay and overtime, and was in turn terminated in retaliation for these complaints.

14.   All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

15. Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above.

16. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA RETALIATION - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above.

18. The Defendant's termination of the Plaintiff was directly in retaliation for his complaints of FLSA violations.

19. The Defendant terminated the Plaintiff for him lawfully having engaged in statutorily protected activity.

20. The Defendant's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful

and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: November 10, 2022.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　Law Offices of Levy & Levy, P.A.
　　　　　　　　　　　　　　　　325 N. Saint Paul Street
　　　　　　　　　　　　　　　　Suite 3100
　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　Telephone: (954) 763-5722
　　　　　　　　　　　　　　　　Facsimile: (954) 763-5723
　　　　　　　　　　　　　　　　Email: chad@levylevylaw.com
　　　　　　　　　　　　　　　　Service Email: assistant@levylevylaw.com
　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　*/s/ Chad Levy*
　　　　　　　　　　　　　　　　CHAD E. LEVY, ESQ.
　　　　　　　　　　　　　　　　T.B.N.: 24117779